IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

STANLEY WILLIAM ALTMAN )
 )
    Plaintiff, ) No. 13-994

    V.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

## SYNOPSIS

Plaintiff filed an application for disability benefits, alleging disability as of May 30, 2010 as the result of mental and physical impairments. His claim was denied initially, and upon hearing before an ALJ. The Appeals Council subsequently denied his request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends, inter alia, that the ALJ erred in determining the appropriate weight to give the opinions of Dr. Scott, and in failing to discuss Plaintiff's treatment pursuant to SSR 96-7p..

Plaintiff first saw Dr. Scott, then a psychologist, in 2004, upon the referral of his attorney. Dr. Scott met with Plaintiff three times between June 16, 2004 and July 29, 2004, and diagnosed him with significant neuropsychological and psychiatric issues. Plaintiff later returned to Dr. Scott, now a neuropsychologist, on March 10, 2011. On April 16, 2011, Dr. Scott wrote an addendum to his July, 2004 report, regarding the 2011 visit. He also completed a Medical

Assessment form. On all occasions, Dr. Scott opined that Plaintiff was totally disabled from working, and reiterated the seriousness of Plaintiff's condition.

It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." Wilson v. Colvin, 2014 U.S. Dist. LEXIS 114905 (M.D. Pa. Aug. 19, 2014). "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . ." SSR 96-7p. Courts often remand cases in which the ALJ's credibility analysis fails to address evidence that a claimant declined or failed to pursue more aggressive treatment due to lack of medical insurance. See, e.g., Kinney v. Comm'r of Soc. Sec., 244 F. Appx. 467, 470 (3d Cir. 2007); Sincavage v. Barnhart, 171 F. Appx. 924, 927 (3d Cir. 2006); Wilson, 2014 U.S. Dist. LEXIS 114905; Henderson v. Astrue, 887 F. Supp. 2d 617, 638-39 (W.D. Pa. 2012).

Here, I question the ALJ's treatment of both Dr. Scott's testimony and Plaintiff's credibility, as well as that of Plaintiff's wife. The ALJ discounted this evidence based, in part, on Plaintiff's limited medical treatment history. For example, although characterizing him as a treating source, the ALJ questioned Dr. Scott's opinion because counsel referred Plaintiff to Dr. Scott. The fact that the examination was not initiated by Plaintiff, but instead by his lawyer, gave the ALJ reason to question the report's authenticity. The ALJ also relied on the lack of medical treatment to discount Plaintiff's credibility. Plaintiff, however, testified at the hearing that he had not seen a doctor because he had "no money," and had never had medical insurance. Here, in an otherwise thorough and well-thought out opinion, the ALJ did not refer to the reasons

3

for Plaintiff's lack of medical treatment. Thus, it is not clear whether the ALJ considered and rejected, or merely ignored, Plaintiff's explanation.

Similarly, it is well-settled that a claimant's activities of daily living can be properly considered by an administrative law judge for the purpose of evaluating a claimant's credibility. The ALJ, however, should explain how a claimant's daily routine is inconsistent with the alleged impairments. See Wilson, 2014 U.S. Dist. LEXIS 114905, at **35-36. Moreover, the ALJ's characterization of Plaintiff's activities must be accurate. Cf. Dougherty v. Astrue, 715 F. Supp. 2d 572, 583 (D. Del. 2010).

Here, the ALJ relied on Plaintiff's activities of daily living to discount Dr. Scott's opinion, as well as Plaintiff's and his wife's credibility. It appears that the ALJ's recitation of those activities, however, were overstated. For example, Dr. Scott noted that Plaintiff is totally dependent on his wife; the ALJ found this statement inconsistent with Plaintiff's activities, because Plaintiff is "active" and watches his grandchildren. However, Plaintiff and his wife testified that he is never left alone with his grandchildren, never socializes, and will not attend events like family weddings or graduations – it is wholly unclear, on this record, what is meant by "active." The ALJ further stated that Plaintiff drives, takes his daughter to college daily, prepares simple meals, completes light household chores, shops, and is generally independent in bathing and dressing. The evidence presented at the hearing, however, was that Plaintiff's wife and daughter do the cooking, but if he "has to," he will make a sandwich; he may take his wife or daughter to the grocery store, but won't go in if there are a lot of people.[1] While I am cognizant

---

[1] Further, the ALJ discounted the testimony of Plaintiff's wife, in part, because it was inconsistent with Dr. Tanyel's examinations. In the first instance, "[l]ay testimony as to mental functioning cannot be deemed non-credible simply because contemporaneous medical corroboration is lacking." Beasich v. Comm'r of Soc. Sec., 66 Fed. Appx. 419, 430 (3d Cir. 2003). In the second instance, it is not clear that Dr. Tanyel's notes from a single examination, as discussed at note 2 infra, are actually at odds with the testimony of Plaintiff's wife.

4

that I cannot second-guess the ALJ's credibility determinations, given that there is no medical opinion evidence that directly contradicts Dr. Scott's opinions,[2] these principles take on particular importance. It is likewise unclear how activities such as driving or vacuuming, under the circumstances and by way of example, are inconsistent with the anxiety and depression alleged.

As a final matter, Plaintiff contends that the ALJ's errors with respect to his limited treatment history, and with respect to Dr. Scott, resulted in a flawed RFC and a consequently flawed opinion from the vocational expert. This matter will be remanded so that the ALJ may consider or clarify the impact of Plaintiff's lack of insurance and financial resources and his activities of daily living, and their impact, if any, on credibility issues and the assessment of Dr. Scott's opinion. The ALJ, of course, is free to conduct any further investigation on remand, including an IME, that he deems necessary. At that time, the ALJ will have the opportunity to consider whether further analysis, if any, impacts the RFC and vocational evidence.

## CONCLUSION

In conclusion, this matter will be remanded for further proceedings consistent with this Opinion. An appropriate Order follows.

---

[2] Dr. Arlene Rattan reviewed the record on December 17, 2010, and concluded that there was insufficient evidence of record to find a disabling impairment. She considered no opinion evidence from any source, however. Additionally, the ALJ relied on evidence that Plaintiff denied psychiatric symptoms or that his mood was "normal," briefly noted by a doctor treating Plaintiff's physical condition November, 2011 – one involving emergency room care following a car accident. It is not necessarily appropriate to rely on a physical care provider's incidental note about a claimant's mental condition. See Griemsmann v. Astrue, 2009 U.S. Dist. LEXIS 124952, at *17 (W.D. Wa. Oct. 1, 2009). "Generally, more weight is given to the opinion of a specialist about medical issues related to his or her specialty area than to the opinion of a source who is not a specialist." Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005) (citing 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5)).

**ORDER**

AND NOW, this 23rd day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, US District Court